UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
US FOODS, INC.,

    Plaintiff,

    -against-

KOKORO PARTNERS, LLC, d/b/a
SHIRO OF JAPAN and COOPER 8000,
LLC, d/b/a SHIRO OF JAPAN
COOPER AVE.,

    Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 17-CV-7403 (FB) (GRB)

*Appearances:*

| | |
|---|---|
| *For the Plaintiff:*<br>RACHEL BEVANS SOLOMON<br>Cozen O'Connor<br>3 WTC<br>175 Greenwich St., 56th Floor<br>New York, New York 10006 | *For the Defendants:*<br>DAVID E. KASTON<br>Kaston Aberle & Levine<br>259 Mineola Blvd.<br>Mineola, New York 11501 |

AMANDA GIGLIO
Cozen O'Connor
404 East 83rd St., Apt. 4B
New York, New York 10028

COURTNEY JANAE PETERSON
Bryan Cave LLP
1290 Avenue of the Americas
New York, New York 10104

**BLOCK, Senior District Judge:**

    Plaintiff US Foods, Inc. ("US Foods" or "Plaintiff") initiated this action for breach of contract against defendants Kokoro Partners, LLC, d/b/a Shiro of Japan

1

("Kokoro Partners") and Cooper 8000, LLC, d/b/a Shiro of Japan Cooper Ave. ("Cooper 8000") (collectively, the "Defendants") in December 2017. US Foods now moves to enforce the settlement agreements (the "Agreements") it made with Defendants. For the reasons that follow, its motion is granted.

In June 2019, the parties agreed to participate in mediation through the Court's Alternative Dispute Resolution ("ADR") Program. On November 6, 2019, the Court's ADR Administrator reported that the parties had reached a settlement through mediation. In February 2020, the parties executed two settlement agreements, one pertaining to each defendant, which detail a schedule of monthly payments to be tendered by each of the two defendants to US Foods from February 2020 through January 2023, at which time the total agreed-upon sum to be paid would be reached. As part of the Agreements, each defendant also executed a Confession of Judgment for the full amount owed, plus interest and attorneys' fees. Each Confession of Judgment states that the given Defendant:

> agree[s] that if it fail[s] to make any payment due under the Settlement Agreement within the time allotted for therein, US Foods could enforce a judgment against [Defendant] in the full amount…plus interest at the contractual rate of 0.75% per month since October 2017 on any payment past due amount until collected, plus costs and reasonable attorneys' fees for enforcement of the Confession of Judgment, less any payments made under the terms of the Settlement Agreement.

Pl. Mot. to Enforce at Ex. C: ¶¶ 7-8; Ex. D: ¶¶ 7-8.

US Foods now moves to enforce the Agreements and corresponding Confessions of Judgment against each defendant, since each only tendered the first installment due under their respective Agreements. Defendants allege that they attempted to make the second installment and it was inexplicably rejected by US foods, while US Foods argues that it never received this payment. There is no disagreement that any subsequent installment was ever paid.

"'It is well established that settlement agreements are contracts and must therefore be construed according to general principles of contract law.'" *Murphy v. Inst. of Int'l Educ.*, 32 F.4th 146, 150 (2d Cir. 2022) (quoting *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002)). In New York, a contract is generally enforceable when there is "'an offer, acceptance, consideration, mutual assent and intent to be bound.'" *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004) (quoting *Louros v. Cyr*, 175 F. Supp. 2d 497, 511 n.5 (S.D.N.Y. 2001)). The party seeking to enforce a purported settlement agreement bears the burden of proving that a binding and enforceable agreement exists. *See Benicorp Ins. v. Nat'l Med. Health Card Sys., Inc.*, 447 F. Supp. 2d 329, 335 (S.D.N.Y. 2006).

Here, the parties do not dispute the validity of the Agreements. Defendants do not dispute that they have failed to comply with the Agreements, nor that Plaintiffs only received the first installment of the payments. Instead, Defendants argue that the Agreements should not be enforced because doing so would be futile, since both businesses are no longer operational.

However, Defendants' argument is not grounded in legal precedent. They submit no caselaw supporting the proposition that a contract—nor the Agreement—cannot be enforced against a defunct company, and the Court's review of caselaw likewise reveals none. Still, had the reverse been the case, Defendants also failed to submit any support for their assertion that the companies are defunct beyond their counsel's word. Finding that the Agreements are binding and enforceable contracts, Plaintiff's motion to enforce is granted. Accordingly, Defendants must each pay the sum certain defined in the Agreements and corresponding confessions of judgment, which equate to the full amount owed, plus interest at the contractual rate of 0.75% per month since October 2017 on any payment past due amount until collected, plus costs and reasonable attorneys' fees for this motion, less the first payment made by each defendant.

## CONCLUSION

Plaintiff's motion to enforce the settlement agreement and related confessions of judgment is granted. The Clerk of Court is directed to enter judgment against Defendants for sum certain to be calculated by the Clerk.

**SO ORDERED.**

                                                      /S/ Frederic Block
                                                     FREDERIC BLOCK
                                                     Senior United States District Judge

Brooklyn, New York
January 11, 2023