UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
US FOODS, INC.,

                Plaintiff,

  -against-

KOKORO PARTNERS, LLC, d/b/a SHIRO
OF JAPAN and COOPER 8000, LLC, d/b/a
SHIRO OF JAPAN COOPER AVE.,

                Defendants.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 17-CV-7403

**BLOCK, Senior District Judge:**

      On January 11, 2023, the Court issued a Memorandum and Order ("M&O") granting plaintiff US Foods, Inc.'s ("US Foods's") motion to enforce its settlement agreement and related confessions of judgment with defendants Kokoro Partners, LLC, d/b/a Shiro of Japan and Cooper 8000, LLC, d/b/a Shiro of Japan Cooper Ave. ("Defendants") *See* ECF No. 38. The M&O also held that, in accordance with the settlement agreement, US Foods should be awarded reasonable attorneys' fees associated with the motion. US Foods subsequently filed a motion for attorneys' fees in the amount of $7,539.80, which defendants have not opposed. For the reasons that follow, the Court grants attorneys' fees to US Foods, but reduces the award to $5,221.20.

1

US Foods's counsel in this matter seeks reimbursement of $7,539.80 in hourly legal and professional fees, with $3,769.90 to be paid by each defendant. As previously explained in the M&O, the prevailing party in this action is entitled to reimbursement for attorneys' fees, so the Court need only determine if the requested rate is reasonable.

Fee requests should be supported by contemporaneous time records that specify the date, number of hours worked, and nature of the work performed. *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2nd Cir. 1998). Counsel supported its request with a supplemental submission detailing contemporaneous billing records that verify the date that work was completed, the nature of the work, and time spent on that work. *See* ECF No. 42 at Ex. A. These records show that the attorney with primary responsibility for this matter, associate Rachel Solomon, billed at a rate of $452 per hour and she spent nine hours working on the matter. The other attorneys who were involved to a lesser extent billed at rates of $568, $340, $424, and $600 per hour, and the paralegals billed at rates of $310 and $220 per hour. Collectively, they billed 7.6 hours on the matter.

"To determine a reasonable hourly rate, courts may use their 'considerable discretion' and weigh all case-specific variables." *Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368, 374 (S.D.N.Y. 2019). Courts also look to the reasonable hourly rates generally approved in the given district, as well as their "own knowledge of hourly rates charged in private firms to determine what is reasonable in the relevant community." *Larsen v. JBC Legal Group, P.C.*, 588 F. Supp. 2d 360, 363 (E.D.N.Y. 2008).

The Court has reviewed in detail the billing records provided by US Foods's counsel and finds that the time expended on each task was reasonable. However, the rates charged exceed the reasonable hourly rates typically approved in this district. Here, "approved hourly rates for attorneys normally range from $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals." *Dominic Schindler Holding, AG v. Moore*, 20 Civ. 4407 (RPK) (VMS), 2022 WL 987428, at *8 (E.D.N.Y. Jan. 12, 2022) (collecting cases) (internal quotation marks and citation omitted). US Foods's counsel has provided no justification for its deviation from the rates typically billed for these matters in this district, and has provided no description of the attorneys' qualifications beyond cursory descriptions of the years of experience possessed by some, but not all, of the attorneys who billed for this matter.

The requested rate for partner Corey Hickman is $424 per hour, which falls within the normal range in this district. Accordingly, the Court finds this rate reasonable. However, rates of $340 and $600 per hour were requested for associate Christina Sanfelippo and associate Amanda Giglio respectively. Their levels of experience are not indicated. Because the Court has practically no information about Sanfelippo or Giglio and what would justify a reasonable rate for their services, it bases its determination on the range of reasonable hourly rates in this district and its own knowledge of hourly rates charged by private firms in the community. Given these factors, the Court reduces their rates to $200 per hour. Likewise, the hourly rates of

3

paralegals Patricia Fredericks and Gail Burwa, about whom no information is provided, are reduced from $220 and $310 respectively to $100 each. An hourly rate of $568 was requested for work by partner Brian Shaw on this matter, and because counsel indicated that he has three decades of litigation experience, the Court finds that an hourly rate of $450 is justified for his work. Finally, Solomon's requested hourly rate of $452 must also be reduced. She is an associate with eight years of experience in litigation, making her a senior associate, and the Court accordingly reduces her rate to $300 per hour.

To calculate the total attorneys' fees due to US Foods, the Court uses the hourly rates described above multiplied by the number of hours requested by US Foods for each biller. This results in a total figure of $5,221.2 due to US Foods in attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court directs payment of attorneys' fees to US Foods's counsel in the amount of $5,221.20, with $2,610.60 to be paid by each of the two defendants.

**SO ORDERED.**

    _/S/ Frederic Block_
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 19, 2023